## STEPHENSON v. MIRACLE, District Judge.

No. A-11354.   Jan. 11, 1950.

(213 P. 2d 875.)

Walter A. Billingsley and Clem H. Stephenson, We-woka, and Harry Stephenson, Okemah, for petitioner.

Jess I. Miracle, Okemah, respondent.

POWELL, J. This case is before us on petition for writ of mandamus to require Hon. Jess I. Miracle, district judge, to disqualify from presiding in any further proceedings against petitioner in a case pending in the district court of Okfuskee county, styled: "In the Matter of the Habeas Corpus of Patricia Stephenson, a minor", No. 11966, wherein it is sought to declare the petitioner, Robert L. Stephenson, guilty of direct contempt of court.

In the habeas corpus matter mentioned, petitioner, the father of the child sought, had been arrested and brought before the court, who thrice asked petitioner: "Will you immediately bring the baby into court?" to which petitioner twice gave no answer, but the third time replied: "I could not do so myself." There was no explanation as to why he could not do so. The court without a hearing adjudged the herein petitioner in direct contempt of court and ordered him to jail, until he produced the said child. Robert L. Stephenson applied to this court for a writ of habeas corpus, the case being reported in 89 Okla. Cr. 427, 209 P. 2d 515, and the writ was granted with directions that the petitioner be accorded a hearing on the direct contempt charge, as required by Art. 2, Sec. 25 of the Bill of Rights to the Constitution, and which case may be referred to for detailed treatment of the question.

Petitioner thereafter filed in the district court of Okfuskee county a motion for change of judge, which was verified by petitioner's oath and testimony was offered in support of the motion, but the court asserted that he was not disqualified and declined to hear any evidence in support of the motion on the statement of counsel that

he wanted to make a record as a basis for seeking a writ of mandamus in this court. The court stated: "There isn't any use of offering evidence here if you are going to offer it up there." A copy of the motion and a transcript of the proceedings before the trial court on hearing of the motion are attached to and made a part of the petition.

Petitioner alleges in his petition that the respondent is disqualified to hear said contempt charge for the following reasons:

"1. That Respondent is a material witness in said hearing.

"2. That bias and prejudice exists on the part of the Respondent and against this Petitioner to such an extent that this Petitioner cannot obtain a fair trial in said matter before the Respondent.

"3. That Petitioner's brother married Respondent's sister, and Respondent, consciously or unconsciously, is inclined to lean against Petitioner in order to avoid criticism by reason of said relationship."

In this court the respondent made return by way of letter addressed to this court dated January 9, 1950, without the service of an alternative writ of mandamus.

Respondent denies being disqualified or prejudiced in the matter, but states that since the application to disqualify has been given wide newspaper publicity, that suspicion would attach to any judgment he might render, and, therefore, he would welcome an order of this court directing him to disqualify.

At the hearing on January 11, 1950, respondent failed to appear in person or by counsel, but petitioner appeared in person and by counsel, and evidence was heard.

302

The sole question presented in this proceeding is the sufficiency of the application, and the proof in support of the same.

By reason of the statement of the respondent, and the proof introduced in support of the petition, we are of the opinion that respondent should immediately certify to the Chief Justice of the Supreme Court of Oklahoma that he is disqualified in said cause, and that another judge be assigned to hear such cause.

It is so ordered.

BRETT, J., concurs. JONES, P. J., not participating.